UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X
                                                          :

UNITED STATES OF AMERICA,                     :
                                                             :

                                                             :          24-cr-537 (LJL)

       -v-                                         :
                                                             :      MEMORANDUM AND
ANTHONY SACCAVINO,                       :            ORDER
                                                               :

                     Defendant.            :
                                                            :
------------------------------------------------------------------------X

**USDC SDNY**
**DOCUMENT**
**ELECTRONICALLY FILED**
**DOC #:**_____
**DATE FILED:** _12/22/2025_

LEWIS J. LIMAN, United States District Judge:

Defendant Anthony Saccavino ("Defendant") moves for an order "supplementing" the presentence report in this case with what Defendant characterizes as "newly disclosed evidence" of Defendant's serious alcohol abuse.  Dkt. No. 67.  He argues that such "clarification" is necessary so that he receive "access to evidence-based treatment during incarceration."  *Id.* at 2.  In particular, Defendant asks the Court to supplement the presentence report with evidence of his alcohol abuse so that he can become eligible for the Bureau of Prisons Residential Drug Abuse Program (RDAP).  *Id.* at 7–8.  The Government opposes the motion.  Dkt. No. 69.  The motion is denied.

The federal courts are "courts of limited jurisdiction."  *Wynn v. AC Rochester*, 273 F.3d 153, 157 (2d Cir. 2001).  Once judgment has been entered, the District Court has only limited authority with respect to a concluded criminal case.  *See Doe v. United States*, 833 F.3d 192, 196 (2d Cir. 2016) (holding that court lacked jurisdiction to order the expungement of defendant's record of conviction even though defendant's period of probation had long ended and the conviction prevented defendant from obtaining a job).  "The relevant Rules of Criminal

Procedure all provide for limited jurisdiction over specified types of post-judgment motions." *Id.*

Federal Rule of Criminal Procedure 35(a) permits a court to "correct a sentence the resulted from arithmetical, technical, or other clear error," but it may do so only within 14 days after sentencing. Fed. R. Crim. P. 35(a); *see United States v. Rakhmatov*, 53 F.4th 258, 260–62 (2d Cir. 2022). Rule 35(b) permits a court to reduce a sentence but only upon the government's motion and if the defendant has "provided substantial assistance in investigating or prosecuting another person." Fed. R. Crim. P. 35(b). Rule 36 permits the court to "correct a clerical error in a judgment, order, or other part of the record, or correct an error in the record arising from oversight or omission." Fed. R. Crim. P. 36. But Rule 36 only "provides a limited avenue for correction of a judgment." *United States v. DeMartino*, 112 F.3d 75, 79 (2d Cir. 1997). "'[A] clerical error must not be one of judgment or even of misidentification, but merely of recitation, of the sort that a clerk or amanuensis might commit, mechanical in nature.'" *United States v. Burd*, 86 F.3d 285, 288 (2d Cir. 1996) (quoting *United States v. Werber*, 51 F.3d 342, 347 (2d Cir. 1995)). "An amanuensis is 'one employed to write from dictation or to copy manuscript.'" *Id.* (quoting Webster's Seventh New Collegiate Dictionary (1965)). Section 3582(c)(1)(A)(i) of Title 18 permits the district court, "upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, [to] may reduce the term of [a defendant's] imprisonment . . . if it finds that . . . extraordinary and compelling reasons warrant such a reduction." 18 U.S.C. § 3582(c)(1)(A)(i). And Section 3582(c)(2) of Title 18 authorizes the Court, on motion or on its own motion, to

2

reduce the term of imprisonment of "a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has been subsequently lowered by the Sentencing Commission pursuant to 28 U.S.C. § 994(o) . . . after considering the factors set forth in section 3553(a) [of Title 18] to the extent they are applicable, if such reduction is consistent with applicable policy statements issued by the Sentencing Commission."  18 U.S.C. § 3582(c)(2).

Defendant has not identified any statute or rule that would permit the Court to give him the relief that he seeks.  He does not, nor could he, rely on the Rules or statutory provisions outlined above.  He points the Court toward *Dorszynski v. United States*, 418 U.S. 424 (1974), but that case concerned the findings that a court must make before treating a youth offender as an adult under the Federal Youth Corrections Act.  It has no bearing on whether the Court can correct a presentence report months after sentencing.  Similarly, Defendant's reliance on *United States v. Gadsden*, 439 F. App'x 54, 55 (2d Cir. 2011) is unavailing, as it refers to the supplementation of a presentence report but only in the circumstance where a defendant is resentenced after a case has been demanded by the Circuit Court.  *See also United States v. Triestman*, 178 F.3d 624, 633 (2d Cir. 1999) (holding that a new presentence report need not be prepared for a resentencing where defendant is given the option to supplement the PSR but does not take it); *United States v. Conhaim,* 160 F.3d 893, 896 (2d Cir.1998) (same).  Those cases do not stand for the proposition that the Court enjoys a free-floating jurisdiction to supplement a presentence report on motion by the defendant after the sentencing has concluded.

The Probation Office filed its initial presentence report on March 20, 2025.  Dkt. No. 46.  The initial report reflected that Defendant "only drinks alcohol socially, does not become intoxicated, and does not have a problem with it."  *Id.* ¶ 84.  He was given the requisite opportunity to comment on the initial report.  *See* Fed. R. Crim. P. 32(f).  By letter of April 3,

2025, he informed the Probation Office that he had no objections to the presentence report. Dkt. No. 55 at ECF p. 39. The final presentence report reiterated that Defendant "only drinks alcohol socially, does not become intoxicated, and does not have a problem with it." *Id.* ¶ 84. At sentencing on May 14, 2025, the Court confirmed that Defendant had read the presentence report and had the opportunity to bring to counsel's attention any errors or anything else to be taken up with the Court. Dkt. No. 64 at ECF p. 6. Counsel confirmed that there were no error or other matters to be taken up with the Court. *Id.*

There is a reason why the Probation Office is charged with conducting a presentence report investigation and why the Defendant is given an opportunity to object. The Probation Office has the expertise and the resources to determine in the first instance whether the Defendant has a substance use disorder. By requiring the presentence report to be disclosed at least 35 days before sentencing and by giving Defendant 14 days after receiving the presentence report to object, *see* Fed. R. Crim. P. 32(e)(2), (f)(1), the Rules ensure that the Probation Office can use its expertise in evaluating matters such as substance use disorders and that the Court can rely upon the presentence report when it comes time to sentence. After all, "[t]he principal function of the presentence report is to assist the court in determining the appropriate sentence." *United States v. Charmer Indus., Inc.*, 711 F.2d 1164, 1170 (2d Cir. 1983).

Defendant had the opportunity to provide information to the Probation Office so it could conduct its investigation. His claim now that the information he provided was not correct does not provide a basis for the Court to "clarify" the report. The motion accordingly is denied. *See United States v. Kone*, 2023 WL 7306130, at *1 (S.D.N.Y. Nov. 3, 2023); *United States v. Schneider*, 2016 WL 126378, at *2 (E.D.N.Y. Jan. 11, 2016); *United States v. McMahon*, 2013 WL 2896959, at *1 (S.D.N.Y. June 12, 2013).

The Clerk of Court is respectfully requested to close Dkt. No. 67.

SO ORDERED.

Dated: December 22, 2025
       New York, New York

_____
LEWIS J. LIMAN
United States District Judge

5